United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **JOSE CABRERA SALAZAR,** § | |
| Petitioner, § | |
| § | |
| V. § | **CIVIL ACTION NO. 5:26-CV-00165** |
| § | |
| **KRISTI NOEM, et al.,** § | |
| Respondents. § | |

### ORDER

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner challenges the constitutionality of his detention in federal immigration custody. Petitioner names Kristi Noem, Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Pamela Bondi, Attorney General of the United States; and Warden of Rio Webb County Detention Facility, as Respondents.

Based upon a review of the Petition, the Court **ORDERS** Respondents to file a response to the petition and serve their response on Petitioner **no later than February 13, 2026**. 28 U.S.C. § 2243. Should Petitioner wish to file a reply, they must do so **no later than February 17, 2026**.[1]

**Petitioner is DIRECTED to serve Federal Respondents, by and through the United States Attorney for the Southern District of Texas, and Warden of Rio Grande Processing Center the Petition, (Dkt. No. 1), via certified mail** pursuant to Rule 4 of the Federal Rules of Civil Procedure and include a copy of this Order with that service. Petitioner is **ORDERED** to file proof that service was sent via certified mail to Respondents **by February 9, 2026**.

The Court **DIRECTS** the Clerk of Court to send the Petition, (Dkt. No. 1), and this Order to the United States Attorney for the Southern District of Texas by electronic mail to USATXS.CivilNotice@usa.doj.gov to provide notice of this action to Respondents.

---

[1] Any deadlines set forth in a civil summons issued by the Clerk of Court are superseded by the deadlines set forth in this Order.

Respondents will not be served further notice of activity on this docket automatically. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

Additionally, on November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination"). The court previously granted petitioners partial summary judgment and then "extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025).

Accordingly, the parties are further **ORDERED** to file an advisory or otherwise address in their responsive briefing whether Petitioner is a class member and the effect, if any, of the class certification and declaratory relief. The parties should file their advisory or responsive briefing with the Court on this issue **by their respective deadlines**.

Additionally, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer or removal of Petitioner outside of the Southern District of Texas **at least five (5) days** before any such transfer.

It is so **ORDERED**.
**SIGNED** on February 6, 2026.

John A. Kazen
United States District Judge